1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENZIL H. LINO,<br>CDCR #T-67283,<br><br>                              Plaintiff,<br><br>                    vs.<br><br>A.G. CELAYA,<br><br>                              Defendant. | Civil No.    12cv0525 IEG (PCL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b) AND 12(b)(6)**<br><br>**[ECF No. 8]** |

**I.**

**PROCEDURAL BACKGROUND**

Denzil H. Lino ("Plaintiff"), a prisoner currently incarcerated at California Men's Colony located in San Luis Obispo, California, proceeding pro se and *in forma pauperis,* filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 1, 2012.  Currently, Plaintiff is proceeding with his First Amended Complaint which was filed on April 13, 2012 [ECF No. 4.]  Defendant has filed a Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)[1] and 12(b)(6).  [ECF No. 8.]

_____

[1]    The Court takes judicial notice that Defendant has provided Plaintiff notice of his opportunity to develop a record and to include in his Opposition to Defendants' Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative remedies as were available to him prior to filing suit as required by *Wyatt v.*

Plaintiff has filed his Opposition, to which the Defendants have filed their Reply. [ECF Nos. 10, 12.]  The Court has determined that Defendant's Motion is  suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Peter Lewis is necessary.  *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.

### FACTUAL ALLEGATIONS

In 2009, Plaintiff was housed at Centinela State Prison ("CEN") located in Imperial, California. (*See* FAC at 1.)  On January 2, 2009, Plaintiff alleges that he filed an administrative grievance against Defendant Celaya, a correctional officer, for "confiscating [Plaintiff's] property and giving to other inmates." (*Id.* at 3.)  The grievance was submitted to the Appeals Coordinator initially who then routed it back to Defendant Celaya with the instructions "please complete at informal level." (*Id.*)  Plaintiff claims Defendant Celaya ignored these instructions and failed to respond to his grievance.  (*Id.*)

A few weeks later, on January 30, 2009, Plaintiff alleges that "building officers searched and ransacked" his cell.  (*Id.*)  One of the officers in the search said to Plaintiff, after referring to the grievance Plaintiff had previously filed against Celaya, "what is the problem with you and Celaya?" (*Id.*)  On February 8, 2009, an unnamed inmate came to Plaintiff's cell and told him to "drop the 602." (*Id.*)  Three days later, Plaintiff was approached by four inmates who also "wanted [Plaintiff] to drop [his] 602." (*Id.*)  One inmate said to Plaintiff "just pack your shit up man, roll your shit up and leave, do yourself a favor." (*Id.*)  Plaintiff feared retaliation by these inmates so he allowed himself to be escorted by these inmates to Celaya's office. (*Id.*)  Plaintiff then alleges that "Celaya placed the 602 on his desk and said 'sign it'." (*Id.*).  Plaintiff signed the form which was then delivered to "Sergeant Carranza at the program office." (*Id.*)

Later, on March 15, 2009, Plaintiff was "interviewed by Lieutenant Gervin conducting [the] inquiry" into Plaintiff's grievance. (*Id.* at 5.)  Plaintiff alleges Lieutenant Gervin stated that "might not find sufficient evidence for a misconduct" and he would "just type something up, make it look nice and pretty," as Gervin claims, "Celaya didn't mean any harm." (*Id.*)  Gervin

---

*Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). [ECF No. 8-3.]

then indicated that he would "partially grant" Plaintiff's grievance and grant Celaya "two days furlough." (*Id.*)  On April 29, 2009, Plaintiff received the written response to his grievance which was "partially granted." (*Id.* at 5-6.)  Plaintiff appealed and the next level of review also "partially granted" Plaintiff's grievance without any further clarification for the grounds of a "partial grant."  (*Id.* at 6.)  On September 30, 2009, Plaintiff received the response from the Director's Level of review denying his claim for relief.  (*Id.*)

### III.

#### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)

As a preliminary matter, the Court will first consider Defendant's argument that the state law claims against him in Plaintiff's First Amended Complaint should be dismissed for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b).  (*See* Def.'s Not. of MTD at 2.)

Defendant Celaya states "a non-enumerated motion to dismiss under Federal Rule of Civil Procedure 12(b) is the proper pretrial motion for establishing nonexhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." (Def.'s Memo of Ps&As in Supp. of MTD at 4.) However, § 1997e applies only to actions "brought with respect to prison conditions under section 1983 of this title, or any other Federal law." 42 U.S.C. § 1997e(a).  Defendant is seeking dismissal of state law claims and thus, § 1997e is not applicable to these claims.  Nowhere in Defendant's Motion does he argue that Plaintiff did not adequately exhaust his administrative remedies as they relate to his federal claims.  Accordingly, the Court will consider whether Plaintiff has adequately plead the requirements of California Tort Claims Act ("CTCA") to bring pendent state law claims in this action.

When defendants are public employees acting within the scope of their employment, as the Defendant named in this action is alleged to be, a plaintiff must first submit a written claim to the public entity that employs them before filing a lawsuit seeking monetary damages for violations of California law.  CAL. GOV'T CODE §§ 945.4, 950.2.  Under California law, these claims procedures apply to prisoners.  *See* CAL. GOV'T CODE § 945.6(c).  The prisoner must file his tort claim with the governmental entity as a condition precedent to the maintenance of an

action under state law, even if it arises as a pendent claim in a civil rights suit filed in federal court under 42 U.S.C. § 1983.  *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).  The complaint must allege compliance with the claims procedure, and failure to make this allegation provides a basis for dismissal.  *Id.*

However, in reviewing Plaintiff's Opposition he states that his state law "allegations of conversion and assault are not the basis for his claims, Plaintiff's claims rest on his constitutional rights."  (*See* Pl.'s Opp'n at 9.)   Because it appears that Plaintiff did not intend to bring any causes of action under California state law, the Court will GRANT Defendant's Motion to Dismiss these claims.  If Plaintiff later seeks to file an Amended Complaint to add state law tort claims, his pleadings, as stated above, must allege compliance with the claims procedure, and failure to make this allegation provides a basis for dismissal.  *Karim-Panahi*, 839 F.2d at 627.

**IV.**

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Defendant seeks to dismiss of Plaintiff's First Amended Complaint pursuant to FED.R.CIV.P. 12(b)(6) on the ground that he failed to state a Fourteenth Amendment equal protection claim.

**A.      FED.R.CIV.P. 12(b)(6) Standard of Review**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled  to relief."  *Id.* (citing FED.R.CIV.P. 8(a)(2)).  "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

/ / /

1    A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state

2  a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

3  (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

4  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

5  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .

6    In addition, factual allegations asserted by pro se petitioners, "however inartfully

7  pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines*

8  *v. Kerner*, 404 U.S. 519-20 (1972).  Because "*Iqbal* incorporated the *Twombly* pleading standard

9  and *Twombly* did not alter courts' treatment of *pro se* filings, [courts] continue to construe pro

10  se filings liberally when evaluating them under *Iqbal*."  *Hebbe v. Pliler*, 627 F.3d 338, 342 &

11  n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

12    **B.    Fourteenth Amendment Equal Protection claims**

13    Defendant moves to dismiss Plaintiff's purported Fourteenth Amendment equal protection

14  claims on the grounds that "Plaintiff simply states that his right to equal protection has been

15  violated, without asserting any facts to support that legal conclusion." (*See* Def.'s Memo of Ps

16  &As in Supp. of MTD at 7.)  The Court was unable to find any attempt by Plaintiff to state an

17  equal protection claim and can find no "statement" that is referred to by Defendant in his

18  Motion.  Plaintiff confirms the Court's view when he states in his Opposition that "Plaintiff

19  made no claim of equal protection in his complaint."  (*See* Pl.'s Opp'n at 9.)  In his Reply,

20  Defendant claims that because Plaintiff did not reference "due process" in his First Amended

21  Complaint, he decided to interpret Plaintiff's claim "as one for an alleged violation of his right

22  to equal protection."  (Def.'s Reply at 3.)[2]  Because it is clear that there is no attempt to allege

23  a Fourteenth Amendment equal protection claim, Defendant's Motion to Dismiss this claim is

24  **DENIED** as moot.

25  / / /

26  _____

27    [2]  Defendant shifts his argument in his Reply by seeking dismissal of Plaintiff's Fourteenth
   Amendment due process claim.  This argument should have been raised in the moving papers which

28  would have given Plaintiff a chance to respond.  Accordingly, the Court will not issue a ruling on this
   argument that is not properly before the Court. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5
   (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief**.")**

## IV.

### CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

(1)      **GRANTS** Defendant's Motion to Dismiss Plaintiff's state law claims pursuant to FED.R.CIV.P. 12(b); and

(2)      **DENIES** Defendant's Motion to Dismiss Plaintiff's Fourteenth Amendment equal protection claims as moot pursuant to FED.R.CIV.P. 12(b)(6).

**IT IS FURTHER ORDERED that:**

(3)      Defendant shall serve and file an Answer to Plaintiff's First Amended Complaint within the time prescribed by FED.R.CIV.P. 12(a)(4)(B).

**IT IS SO ORDERED.**

DATED: October 9, 2012

_____
HON. IRMA E. GONZALEZ
United States District Judge